UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-173** |
| **HARRY LEE, ET AL.** | **SECTION: "D"(1)** |

## REPORT AND RECOMMENDATION

Petitioner, Larry Davis, a state pretrial detainee, filed this federal application seeking habeas corpus relief. For the following reasons, it is recommended that his application be **DISMISSED WITHOUT PREJUDICE**.

On May 29, 2019, the Jefferson Parish District Attorney filed a bill of information charging petitioner with four counts of armed robbery. On July 29, 2019, the state district court appointed a sanity commission to evaluate his competency to stand trial. On August 21, 2019, the court determined that he was incompetent to proceed and remanded him to the East Louisiana State Hospital. His competency was subsequently restored, and so, on May 20, 2020, the court found him competent to proceed to trial. On May 22, 2020, he then entered pleas of not guilty by reason of insanity, and, on September 25, 2020, the court appointed a sanity commission to evaluate his sanity at the time of the alleged offenses. At a hearing on March 24, 2021, the court found that he was legally sane at the time of the offenses, and he currently remains detained awaiting trial on the charges.

Petitioner filed this federal application purportedly seeking relief pursuant to 28 U.S.C. § 2254. However, because he is still a pretrial detainee awaiting trial, his application must be construed as one seeking relief pursuant to 28 U.S.C. § 2241. See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) ("28 U.S.C. § 2254 … applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' 28 U.S.C. §§ 2254(a) and (b). Pre-trial petitions … are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."). In addition to submitting a copy of the state court record for this Court's review, the state has filed a response opposing petitioner's application on the grounds that he has not exhausted his claims in the state courts.

Regarding the habeas corpus exhaustion requirement, the United States Supreme Court has held:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. … [F]ederal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (footnote, citations, quotation marks, and brackets omitted)). As to the specific exhaustion requirement applicable to proceedings brought under 28 U.S.C. § 2241, the United States Fifth Circuit Court of Appeals has explained:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus

> petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

Dickerson, 816 F.2d at 225 (citations omitted).

"To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quotation marks omitted). Moreover:

> [A] claim is not exhausted unless the habeas petitioner provides the **highest state court** with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (emphasis added; quotation marks omitted). In Louisiana, "the highest state court" is the Supreme Court of Louisiana. See La. Const. art. V, § 5(A).

Petitioner has filed no applications with the Supreme Court of Louisiana concerning this state prosecution. Because he has not fairly presented his claims to the Supreme Court of Louisiana, they are unexhausted and should not be considered in this federal forum in the first instance.

## RECOMMENDATION

It is therefore **RECOMMENDED** petitioner's federal petition seeking habeas corpus be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __25th__ day of April, 2022.

*Janis Van Meerveld*
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**